IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NORRIS MORGAN,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:18-CV-02626-L** |
| | § | |
| **TEXAS DEPARTMENT OF** | § | |
| **STATE HEALTH SERVICES,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Texas Department of State Health Services' Motion to Dismiss Plaintiff's Complaint ("Motion") (Doc. 12), filed on November 12, 2021. After careful consideration of the Motion, Plaintiff Norris Morgan's objections, pleadings, and applicable law, the court **grants** Defendant Texas Department of State Health Services' Motion to Dismiss Plaintiff's Complaint (Doc. 12); and **dismisses with prejudice** this action, filed on October 2, 2018.

### I. Factual and Procedural Background

Plaintiff Norris Morgan ("Plaintiff" or "Mr. Morgan"), a *pro se* plaintiff, brings this suit against his former employer, Defendant Texas Department of State Health Services ("Defendant" or "TDSHS"), asserting that Defendant "prejudice[d] [him], [and] cause[d] [him] financial and emotion[al] harm." Pl.'s Compl. Plaintiff was employed by Defendant as a Psychiatric Nursing Assistant IV. Pl.'s Ex. A. Mr. Morgan argues that, while his White coworkers were allowed to

take leave on multiple occasion, he was not permitted to take the same leave.[1,2] He further argues that Defendant's actions against him were in violation of the Family and Medical Leave Act ("FMLA"). According to Plaintiff, TDSHS approved him for vacation time when his wife underwent surgery, but it "put [him] on leave without pay [or] FMLA and would not let [him] use the rest of [his] vacation time and sick time [he] had." *Id.* Additionally, Mr. Morgan contends that Defendant retaliated against by failing to pay him and writing him up. *Id.*

Plaintiff filed his initial suit against Defendant on January 6, 2017, asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the FMLA, and the so-called "Labor Law." *See Morgan I*; *see also* Pl.'s Compl. in *Morgan I* (Doc. 3). On July 20, 2017, judgment was entered in *Morgan I* dismissing with prejudice all of Mr. Morgan's claims against TDSHS. Judgment in *Morgan I* (Doc. 24). Plaintiff brought a second suit against Defendant on March 30, 2017, asserting essentially the same claims arising out of the same cause of action as *Morgan I*. *See Morgan v. Texas Dep't of State Health Servs.*, 3:17-CV-00897-D-BH, 2017 WL 3086331 (N.D. Tex. July 20, 2017) ("*Morgan II*"); *see also* Pl.'s Compl. in *Morgan II* (Doc. 3). On May 1, 2018, judgment was entered against Plaintiff dismissing without prejudice his claim under Title VII and dismissing with prejudice the remainder of his claims. Judgment in *Morgan II* (Doc. 40).

In its Motion, Defendant TDSHS seeks to dismiss Plaintiff's Complaint in this action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for three reasons. It

---

[1] The filings of a *pro se* litigant are to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (internally quotation marks and punctuation omitted). As such, the court interprets this claim as an alleged violation of Title VII of the Civil Rights Act of 1964. Moreover, the Civil Cover Sheet in this case reflects that Plaintiff filed this action under Title VII. Doc. 3, 10.

[2] The record before the court supports a determination that Mr. Morgan is Black. *See* Doc. 3 in *Morgan v. Texas Dep't of State Health Servs.*, 3:17-CV-0047-D-BH, 2017 WL 3086331 (N.D. Tex. July 20, 2017) ("*Morgan I*").

contends: (1) that Mr. Morgan's claims "have previously been litigated and are precluded by the doctrine of res judicata"; (2) that Plaintiff failed to exhaust administrative remedies; and (3) that the allegations are "far too conclusory" for the court to infer reasonably that he has stated a claim for discrimination and retaliation. Plaintiff failed to respond to the arguments set forth by Defendant in its Motion. Moreover, the four objections Mr. Morgan asserts also do not respond to Defendant's arguments set forth in its Motion.[3]

## II.     Legal Standard for Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative

---

[3] Plaintiff asserts objections arguing that TDSHS: (1) "fail[ed] to file a notice of appearance of lead counsel; (2) failed to file a motion to substitute counsel; (3) failed to circulate a proposed order of substitution; and (4) once the order is signed by all attorneys and the client: present the order for a judge signature [sic]." Pl.'s Objection (Doc. 14). Assuming that these objections are valid, they nonetheless address procedural matters and fail to address Defendant's substantive arguments.

level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v.*

**Memorandum Opinion and Order – Page  4**

*Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

**III.   Discussion**

    **A.  Res Judicata**

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Id.* (citation omitted). A claim is barred by federal principles of res judicata if: "(1) the parties are identical or

in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). For the fourth element, the Fifth Circuit has adopted the "transactional" test for determining whether two suits involve "the same claim or cause of action*." Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). Under the transactional test, a prior judgment's preclusive effect extends to all rights of a plaintiff "'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Id.* at 395-96 (quoting Restatement (Second) of Judgments § 24(1) (1982)). The Restatement's transactional test "represents the modern view" and is the preferable test. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 n.4 (5th Cir. 1983) (en banc). The critical determination is "whether the two actions are based on the 'same nucleus of operative facts.'" *Petro-Hunt*, 365 F.3d at 396 (internal quotations and citations omitted).

"[G]enerally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense," *Id.* at 570 n.2; however, res judicata may be properly raised by a motion to dismiss when "the facts are admitted or not controverted or are conclusively established." *Larter & Sons v. Dinkler Hotels Co.*,199 F.2d 854, 855 (5th Cir. 1952).[4] "When all relevant facts are shown by the court's own records, of which the court takes notice, the defense [of res judicata] may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Id.* Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may]

---

[4] Although *Larter* was decided nearly seventy years ago, it was cited with approval in *Clifton v. Warnaco, Inc.*, 53 F.3d 1280, 1995 WL 295863, at *6 n.13 (5th Cir.1995) (per curiam) (unpublished) (internal citations omitted); *see also Terrell v. DeConna*, 877 F.2d 1267, 1270 (5th Cir. 1989) (holding that res judicata can be raised by a motion to dismiss).

**Memorandum Opinion and Order – Page  6**

take judicial notice of matters of public record.'"  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).  In its Motion, Defendant referenced filings from the actions previously filed by Plaintiff in this District that are matters of public record.  Therefore, the court *takes* judicial notice of the filings in *Morgan I* and *Morgan II*, as the facts in the records of the two prior actions have been admitted or conclusively established.  This is so because Plaintiff has filed nothing to controvert them.

A comparison of the pleadings in this case and those of *Morgan I* and *Morgan II* reveals that Mr. Morgan and TDSHS are parties in both cases, and, as Defendant properly noted, Plaintiff's claims in both of his prior cases are the same as those brought in this action in that they pertain to the alleged racial discrimination and FMLA violations related to his employment with Defendant.  Moreover, a final order and judgment were entered in *Morgan I* on July 20, 2017, dismissing with prejudice all of Plaintiff's claims against Defendant, and a final order and judgment were entered in *Morgan II* on May 1, 2018, dismissing without prejudice his Title VII claim and dismissing with prejudice all other claims brought by Mr. Morgan.  Although Plaintiff's Title VII claim was dismissed without prejudice in *Morgan II*, the court determines that this claim was properly dismissed *with* prejudice in *Morgan I*, as the Magistrate Judge in that case correctly found (and the Judge agreed) that:

> Here, Plaintiff signed his charge on July 8, 2015, alleging racial discrimination from December 30, 2013 to July 16, 2014. . . . It alleged: "I believe that I was discriminated against because my Race-Black, in violation of Title VII of the Civil Rights Act of 1964, as amended in that the coworkers not in my protected class were given extended medical leave time when necessary." . . . All of the alleged discriminatory activity related to his extended medical leave request—including his request for extended sick leave on December 27, 2013, his supervisor's processing of his paperwork on February 7, 2014, and his supervisor's call to return to work— occurred more than 300 days before Plaintiff filed his charge.  Similarly, the alleged discrimination range of December 30, 2013 to July 16, 2014 occurred more than

> 300 days before Plaintiff filed his charge. Even if it was submitted on the same day he signed it, Plaintiff did not timely file his charge with the EEOC. . . . Because Plaintiff did not timely file his charge and has not alleged any facts to support a plausible claim for equitable tolling, his discrimination claim should be dismissed [with prejudice].

Magistrate Judge's Findings, Conclusions and Recommendation in *Morgan I* (Doc. 21), 7-8; *see* Order in *Morgan I* (Doc. 23) (adopting the findings, conclusions, and recommendation of the Magistrate Judge). Additionally, no appeal was taken by Plaintiff in either *Morgan I* or *Morgan II*. Finally, the judgments in *Morgan I* and *Morgan II* were rendered by a court of competent jurisdiction. Accordingly, Mr. Morgan's claims against TDSHS are barred by res judicata and therefore fail as a matter of law. Defendant is therefore entitled to dismissal of Plaintiff's claims against it.

### B. Failure to Exhaust Administrative Remedies

Defendant contends that this court lacks jurisdiction to consider unexhausted claims. Def.'s Mot. to Dismiss 5 (citing *National Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 711 (5th Cir. 1994) (citation omitted). TDSHS misapprehends the law in this regard.

"Title VII's charge-filing requirement is not of jurisdictional cast." *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1850 (2019). The "charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Id.* at 1851 (footnote omitted). "Exhaustion [of administrative remedies] occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citation omitted). Also, a person filing suit must do so within the time allowed by the statutory provisions. *Id.* Filing a "charge is not a

jurisdictional prerequisite," but "it is a precondition to filing suit in district court." *Id.* (internal quotation marks and citation omitted).

The court agrees with Defendant that the record reflects that Plaintiff did not meet the filing deadline under the charge requirement of Title VII. Such failure, however, does not deprive the court of jurisdiction; it simply shows that Plaintiff failed to meet a precondition or prerequisite to filing suit in district court. As Plaintiff has failed to allege or show that he timely complied with the charge requirement, he fails to establish that he has stated a claim upon which relief can be granted, not that this court lacks subject matter jurisdiction. This serves as an alternate ground to dismiss this action, as it is too late and impossible for Mr. Morgan to cure his failure to exhaust administrative remedies.

### C. Failure to Adequately Plead Sufficient Allegations to State a Claim

The court has determined that two bases exist for granting Defendant's Motion. Accordingly, the court declines to address Defendant's third ground set forth in the Motion, namely, that the allegations of Plaintiff's Complaint fail to meet the plausibility test set forth in *Twombly* and *Iqbal*. Addressing this ground is not warranted or in the interest of judicial economy.

### D. Amendment of Pleadings

In response to TDSHS' motion to dismiss, Mr. Morgan did not request leave to amend his pleadings in the event the court determined that he failed to state a claim. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following:

**Memorandum Opinion and Order – Page 9**

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). The court will not allow Plaintiff to amend his pleadings. As noted earlier, Plaintiff's Title VII claim was properly dismissed with prejudice in *Morgan I* for the reasons previously stated. Because Mr. Morgan's claims fail as a matter of law, allowing him to amend would be futile and unnecessarily delay the resolution of this action, the court will not allow him to amend his pleadings.

## IV. Conclusion

For the reasons herein stated, the court **determines** that Plaintiff's claims against Defendant are barred by res judicata and the failure to exhaust administrative remedies. Accordingly, the court **grants** Defendant Texas Department of State Health Services' Motion to Dismiss Plaintiff's Complaint (Doc. 12); and **dismisses with prejudice** this action. *Further, Plaintiff is directed not to file any further civil actions against the Texas Department of State Health Services, or entities in privity with TDSHS, regarding the alleged racial discrimination and FMLA violations. Plaintiff's violation of this order will result in monetary or other sanctions deemed appropriate by the court.* As required by Federal Rule of Civil Procedure 58, the court will issue judgment by separate document.

**It is so ordered** this 27th day of January, 2022.

*[signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge